**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

CHARLES ISAAC WILSON, JR.                                    PLAINTIFF
ADC #79592

V.                                NO: 4:12CV00059 SWW/HDY

ARKANSAS, STATE OF                                           DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Charles Isaac Wilson, Jr., currently incarcerated at the Cummins Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), on January 27, 2012, naming as a Defendant only the state of Arkansas.

## I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to Plaintiff's complaint, the State of Arkansas refuses to adhere to its own mailbox rule.  It appears that Plaintiff is seeking to appeal a decision of the Arkansas Supreme Court, or to have this Court enter an order directing the Arkansas Supreme Court to accept his appeal.  Because Plaintiff's complaint does not state a claim for relief, it should be dismissed.

Plaintiff has failed to explain the grounds for this Court's jurisdiction.[1]  Federal courts, with the exception of the United States Supreme Court, do not possess appellate jurisdiction over state court proceedings.  *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) (lower federal courts may not sit in review of a state court decision); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923) (district courts may not exercise appellate jurisdiction over state courts); *Williams v. McKenzie*, 834 F.2d 152, 153 (8th Cir.1987) (federal courts are not empowered to review state court proceedings even if a federal claim has been asserted therein); *see* 28 U.S.C. § 1257 (1988) (providing for United States Supreme Court review of state court judgments

---

[1]"A pleading that states a claim for relief must contain...a short and plain statement of the ground for the court's jurisdiction..."  Fed.R.Civ.P. 8(a)(1).

3

only through writ of certiorari).

A federal district court may exercise jurisdiction of a general constitutional challenge, as long as the challenge is not "inextricably intertwined" with claims asserted in a state court proceeding. *Keene Corp. V. Cass*, 908 F.2d 293, 296 (8th Cir. 1990), quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n. 18 (1983). Here, Plaintiff appears to directly challenge the decision of the Arkansas Supreme Court. When a litigant attempts to circumvent the requirement of seeking direct review in the United States Supreme Court by casting his lawsuit as a section 1983 action, *Feldman's* jurisdictional bar applies. *Keene* at 297 (citations omitted). Because Plaintiff must seek review of the Arkansas Supreme Court's decision only by the United States Supreme Court through writ of certiorari, this Court lacks jurisdiction, and Plaintiff's complaint should be dismissed.

### III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   14   day of February, 2012.

_____
UNITED STATES MAGISTRATE JUDGE